IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA WILLIAMS, | : | CIVIL ACTION |
| | : | NO. 07-1832 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security | : | |
| Administration, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JANUARY 29, 2009

   Plaintiff, Patricia Williams, sought judicial review, pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB"). The parties filed cross-motions for summary judgment, and the case was referred to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R&R"). Magistrate Judge Sitarski recommended that Plaintiff's motion for summary judgment be granted in part and denied in part, and that the case be remanded to the Administrative Law Judge ("ALJ") for further proceedings. Neither Plaintiff, nor the Commissioner, filed objections to the R&R, and in an Order dated November 13, 2008, the Court approved

1

and adopted the R&R and remanded the case to the ALJ.[1] Plaintiff filed the instant motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner submitted a memorandum opposing the award of attorney's fees, arguing that its position in the matter was "substantially justified" within the meaning of the EAJA, to which Plaintiff submitted a reply. For the reasons that follow, Plaintiff's Motion for Attorney's Fees will be denied.

I.   BACKGROUND

    A.   ALJ Decision

Plaintiff filed an application for DIB on December 23, 2003, alleging disability as a result of lower back pain, numbness in her legs, fatigue, insomnia, depression, reduced concentration and memory, and diabetes. Plaintiff's application was denied and thereafter an administrative hearing was conducted before ALJ, Dolores McNerney.

Applying the five-step sequential evaluation process articulated at 20 C.F.R. §§ 404.1520(b)-(f) and 416.920(b)-(f), the ALJ found that: (1) Plaintiff had not engaged in substantially gainful activity since the alleged disability

---

[1] The remand occurred in accordance with the fourth sentence of 42 U.S.C. §405(g), which provides for the entry of final judgment.

onset; (2) Plaintiff's lumbar disc disease and obesity, in combination, constituted "severe" impairments; (3) Plaintiff's medical impairments did not meet or medically equal a listing in 20 C.F.R. pt.404, supt. P, appl. 1; (4) Plaintiff's allegations regarding her limitations were not totally credible; (5) Plaintiff had the residual functional capacity ("RFC") to perform light exertional work, with frequent stooping, and occasional balancing and kneeling, but no crouching, crawling, or climbing; and (6) Plaintiff's impairments do not prevent Plaintiff from performing past relevant work, as it is generally performed in the national economy.  Accordingly, on March 7, 2006, the ALJ found Plaintiff ineligible for DIB.  The Appeals Council declined Plaintiff's request for review, and Plaintiff sought judicial review in this Court under 42 U.S.C. § 405(g).

      B.   <u>Report and Recommendation</u>

The parties filed cross motions for summary judgment. Plaintiff argued that in denying his claim, the ALJ erred in the following respects: (1) failed to provide Plaintiff's counsel with evidence received subsequent to the administrative hearing, namely the Dictionary of Occupational Titles ("DOT") codes from the vocational expert; (2) rejected evidence favorable to Plaintiff's claim without good reason or adequate explanation; (3) failed to adequately explain her assessment of Plaintiff's RFC; (4) failed to appropriately consider Plaintiff's mental

impairment; and (5) failed to _properly_ find Plaintiff able to perform past relevant work as generally performed in the economy. The Commissioner opposed Plaintiff's appeal and thus defended the ALJ's denial of DIB.

The Court referred this matter to Magistrate Judge Sitarski for the issuance of a R&R.  On May 16, 2008, Magistrate Judge Sitarski issued a R&R recommending that Plaintiff's motion be granted in part and denied in part, and that the matter be remanded for an evidentiary hearing on one issue: the ALJ's determination that Plaintiff was able to perform past relevant work.

Applying the substantial evidence standard, Magistrate Judge Sitarski found that the record lacked substantial evidence to support the ALJ's finding that Plaintiff was able to perform past relevant work.  Specifically, Magistrate Judge Sitarski highlighted the discrepancy between: (1) the Vocational Expert ("VE") testimony in the record, opining that Plaintiff was unable to do past work; and (2) the ALJ's decisions that Plaintiff is able to perform past work, citing the VE testimony as support for this proposition.  Because the ALJ did not explain this discrepancy, Magistrate Judge Sitarski recommended remanding the case to allow the ALJ to explain her conclusion of Plaintiff's ability to perform past relevant work.  Neither Plaintiff nor the Commissioner filed any objections to the R&R within the time

provided for doing so, and on November 12, 2008, the Court approved and adopted the R&R and remanded the case.

        C.  <u>Plaintiff's Motion for Attorney's Fees</u>

On November 26, 2008, Plaintiff filed the instant application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner submitted a brief opposing the award of attorney's fees, arguing that the Commissioner's position in the matter was "substantially justified" within the meaning of the EAJA, to which Plaintiff submitted a reply.

II.  LEGAL STANDARD

Under the EAJA, a claimant is eligible for a fee award in any civil action if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances exist to make the award unjust; and (4) any fee application is submitted to the court within 30 days of the final judgment in the action and is supported by an itemized statement. <u>Commissioner, Immigration and Naturalization Service v. Jean</u>, 496 U.S. 154, 158 (1990).

Notably, the parties do not dispute that Plaintiff is the prevailing party in this action. In addition, the Commissioner does not assert that any "special circumstances" would "make an award unjust." Accordingly, the sole question

before the Court is whether the Commissioner's position in this litigation was "substantially justified," so as to preclude an award of fees.

Substantial justification under the EAJA means, "justified in substance or the main -- that is, justified to a degree that could satisfy a reasonable person.  Alternatively phrased, [the Commissioner's position] is substantially justified if it has a reasonable basis in both law and fact." Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993) (citing Pierce v. Underwood, 487 U.S. 552 (1988)).  To demonstrate substantial justification for its position, the government must meet a three-part test: (1) reasonable basis in the truth for the facts alleged; (2) reasonable basis in law for the theory propounded; and (3) reasonable connection between the facts alleged and legal theory advanced. Hanover Potato Prods., 989 F.2d at 128.  Importantly, the position of the Commissioner includes the position taken in litigation, and the position that made the litigation necessary in the first place. Id.

III. DISCUSSION

As a preliminary matter, the Court must determine the correct level of generality at which to decide whether the Commissioner's position was substantially justified.  The Commissioner urges the Court to look to whether its position was

substantially justified in the case as a whole, that is, the Commissioner's decision in defending the ALJ's DIB determination. Alternatively, Plaintiff argues for the Court to focus upon whether the Commissioner was substantially justified in defending the ALJ on the specific issue upon which the case was remanded.

In deciphering the proper focus of the Court, the Supreme Court and the Third Circuit have not spoken on this issue; however, other Circuits provide guidance for the Court to follow. For example, the Fourth Circuit held that courts must employ a totality of the circumstances review, looking at the <u>entirety</u> of the government's position in litigation when determining substantial justification. <u>Roanoke River Basin Assoc. v. Hudson</u>, 991 F.2d 132, 139 (4th Cir. 1993). Notably, the magnitude and materiality of the error in the Commissioner's position will be factored into the substantial justification inquiry. <u>Id.</u> "Thus, a more egregious example of misconduct might, even if confined to a narrow but important issue, taint the government's 'position' in the entire case as unreasonable, whereas a totally insupportable and clearly unreasonable position by the government on an inconsequential aspect of the litigation might not." <u>Id.</u> Similarly, the Seventh Circuit held that in examining the government's position, the court is to consider both its pre-litigation conduct and its litigation position, and "arrive at one conclusion that simultaneously encompasses and

accommodates the entire civil action." Jackson v. Chater, 94 F.3d 274, 278 (3d Cir. 1996).

Alternatively, employing the narrow view advocated by the Plaintiff, the Ninth Circuit held that a claimant is entitled to fees unless the government's position is substantially justified with respect to the issue on which the court based its remand. Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002). See also Flores v. Shalala, 49 F.3d 562, 572 (9th Cir. 1995) (holding the district court should have, at least initially, "inquired whether the Secretary was substantially justified in her position with respect to the procedural errors that led to the remand").

The approach of the Fourth and Seventh Circuits appears to be more consistent with the overall intent of the EAJA and general guidance from the United States Supreme Court. First, it is significant that the EAJA is not a pure fee shifting statute in the sense that a fee award automatically follows a prevailing party. Rather, the EAJA requires a second layer of analysis, a specific inquiry into the non-prevailing party's reasonableness in the litigation. As stated by the Fourth Circuit in Roanoke River, "[w]hile the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether

or not the position later turns out to be wrong." 991 F.2d at 139. Accordingly, the intent of the EAJA suggests that it is important to analyze the overall approach of the non-prevailing party, rather than merely the final result of the litigation.

Second, in analyzing the general intent of the EAJA, the Supreme Court, albeit in a different context, instructed courts to approach cases holistically. Jean, 496 U.S. at 163. In Jean, the Court stated, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line-items."

Thus, for the preceding reasons, the Court will adopt the totality of the circumstances method of analysis employed by the Fourth and Seventh Circuits in determining whether the Commissioner was substantially justified in its general support of the ALJ's denial of DIB.

The Court finds that, in this case, under the totality of the circumstances, the Commissioner was substantially justified in his defense of the ALJ's decision denying DIB. It is agreed that the ALJ misstated the facts in her justification for the denial of DIB. This error, however, in the circumstances of this case, is not outcome determinative. Substantial justification exists for the Commissioner to defend the ALJ's

ultimate disability determination for two reasons.  First, as the Commissioner notes, a finding that Plaintiff is able to perform past work can be made independent of VE testimony, as VE testimony is not required under Social Security Ruling 82-62.[2] Second, as noted in SSR 82-61, at 2, a "properly completed SSA-3369-F6 Vocational Report, may be sufficient to furnish information about past work."  Notably, the record contains both a properly completed SSA-3369-F6 Vocational Report (Tr. 70-77), and extensive testimony of Plaintiff concerning the requirements of her past work (Tr. 258-262).[3]  Based upon this evidence, the Commissioner had a reasonable basis both in law and fact to defend the ALJ's denial of Plaintiff's DIB, even withstanding the misstated VE testimony substantiating the ALJ decision.  <u>Hanover Potato Prods.</u>, 989 F.2d at 128 (setting forth the applicable test for substantial justification).

---

[2] SSR 82-62: Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work, In General, states, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and non-exertional demands of such work."

[3] Specifically, Plaintiff's testimony indicates that her past work as an auto service advisor involved speaking to customers to determine what their needs were and determining how to go about taking care of what their problems were with their cars (Tr. 259).  Plaintiff acted as the go-between between the mechanic and car owner; and would tell people what service their car needed when they came into the dealership.  (Tr. 259; 87).

-10-

The decision by the Honorable Anita B. Brody, of this Court, in Corona v. Barnhart, 431 F. Supp. 2d 506 (E.D. Pa. 2006) is not to the contrary. In Corona, the plaintiff argued that the Commissioner was not substantially justified in defending the ALJ's disability determination because the error at issue was dispositive of the DIB decision. Id. Significantly, in Corona, the Commissioner defended the ALJ's failure to include several of Plaintiff's impairments in the hypothetical posed to the VE, a failure that constituted reversible error. Id. at 515.[4] Under Third Circuit precedent, it is well settled that "[a] hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Id. (citing Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Accordingly, the Corona court held that the Commissioner was not substantially justified in defending the ALJ's DIB determination, grounded in a fatal error in the underlying evidence.

Unlike the outcome determinative error at issue in

---

[4]  The hypothetical question posed to the VE failed to specifically mention Plaintiff's mental impairments, such as Plaintiff's responses to stress, difficulties controlling her anger and emotions, and inability to respond appropriately to changes. Id. In addition, the hypothetical did not encompass Plaintiff's dependence upon the use of a case as a result of her peripheral neuropathy. Id.

-11-

Corona, which the Commissioner adopted as his own, the ALJ's error in the instant matter is the product of a misstatement of fact and not dispositive of the ultimate DIB determination.[5]  In the instant case, while the Commissioner recognized the ALJ's misstatement of fact, there was other evidence in the record which substantially justified the Commissioner's overall defense of the ALJ's decision.[6]

Accordingly, because the Commissioner was substantially justified in its support of the ALJ's decision, Plaintiff's Motion for Attorney's Fees is denied.

An appropriate order follows.

---

[5]    For example, in this case, had the Commissioner attempted to argue that the ALJ had not misstated facts, a different outcome would have ensued.

[6]    The fact that the Commissioner did not file objections to Judge Sitarski's R&R is consistent with this conclusion.  As counsel for the Commissioner stated at argument on the issue, the Commissioner believed that on remand to the ALJ, the ALJ would correct the factual misstatement regarding the VE testimony, and ultimately reach the same DIB determination.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| PATRICIA WILLIAMS, | : | CIVIL ACTION |
| | : | NO. 07-1832 |
|     Plaintiff, | : | |
| | : | |
|        v. | : | |
| | : | |
| MICHAEL ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security | : | |
| Administration, | : | |
| | : | |
|     Defendant. | : | |

### **O R D E R**

**AND NOW**, this **29th** day of **January 2009**, following a hearing on Plaintiff's Motion for Attorney Fees (doc. no. 23); Defendant's response thereto (doc. no. 26); and Plaintiff's reply (doc. no. 30), it is hereby **ORDERED** that Plaintiff's Motion (doc. no. 23) is **DENIED**.

       **AND IT IS SO ORDERED.**

                                                            S/Eduardo C. Robreno
                                                          **EDUARDO C. ROBRENO, J.**